Reese, J.
delivered-the opinion of the court.
Coleman was sheriff of Perry county, Wm. Patterson was his deputy; and to indemnify the sheriff as to his' official conduct, had entered into bond with Robert C. Patterson as his surety. An execution at the suit of the Bank of Tennessee came into the hands of the deputy sheriff, upon which he returned, merely, not satisfied. For this insufficient return the Bank served Coleman, the principal sheriff, with notice, that it would move against him at the January term, 1843, of the Circuit Court of said county. Upon being served with said notice, and before the meeting of said court or the rendition of any judgment against him, Coleman caused notice to be served upon Patterson and his surety, that at the next term, and upon the same ground, he would move against them for a judgment for the amount of the Bank’s execution. Judgment, on motion, was rendered in favor of the Bank against Coleman, and on the same day, subsequently, there was judgment rendered in favor of Coleman against the Pattersons, which recited the preceding facts, and especially the rendition of the judgment against Coleman on that day. The Pattersons appeared by *65 their attorney, and resisted the motion; and the question here is, was the judgment against them-correct? The aót of 1829, ch. LI, sec. 1, (N. & C. 670,) gives to the sheriff the remedy by motion against his deputy and-the surety, upon ten days notice, when he “shall have paid money, or become liable to pay money for the default or misconduct of the deputy.” What is the proper construction of this act of the legislature? Does it require this default or misconduct of the deputy, and the liability of the principal sheriff therefor, to have been judicially ascertained and determined before the sheriff shall have bis remedy by motion against the deputy. We are clearly satisfied that it does. It could never have been the intention of the legislature, in the absence of all proceeding against the principal sheriff, and when none might ever take place, to -permit him to move against the deputy for any default which he might be able to discover. The object was to give him a prompt and speedy remedy for his indemnity. But to entitle him to this indemnity, it must have been judicially determined that he was liable for the default or misconduct of the deputy. The notice then in this case was prematurely given; and but for the appearance of the defendants the court would not have had jurisdiction to pronounce judgment. But as the defendants did appear, rendering the notice immaterial and unnecessary, and as at the time of the judgment, as the judgment itself recites, there had been judgment against the principal sheriff and bis liability for the default and misconduct of the deputy was then judicially determined, we are of opinion that the judgment in this case must be allowed to stand. And we, therefore, affirm the same.